# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**DARREN JARELLE DAVIS,**

    **Plaintiff,**

    v.                                                CASE NO. 20-3021-SAC

**(FNU) BERG, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is housed at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC"). The Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff alleges in his Complaint that around midnight on November 6, 2019, he covered his cell window and cell camera to use the restroom. Sgt. Taylor came to Plaintiff's cell with a response team of six deputies and threatened to place Plaintiff in a restraint chair if he covered his cell window or camera again. Plaintiff alleges that after Plaintiff responded with "who cares," Sgt. Taylor immediately came into Plaintiff's cell and slammed Plaintiff to the ground to restrain him. Plaintiff alleges that Deputy Berg slammed Plaintiff's head and was grinding his head into the ground. Plaintiff alleges that Deputy Ramirez was kicking and kneeing Plaintiff repeatedly while Plaintiff was restrained by the other five deputies. Plaintiff alleges that they kept telling Plaintiff to "stop resisting" even though he was not resisting. Plaintiff alleges that Sgt. Taylor allowed the deputies to beat Plaintiff. Plaintiff alleges that he was then placed in a restraint chair for five hours with shackles, handcuffs, and straps that were cutting into his ankles and wrists. Plaintiff alleges that jail officials and medical staff failed to provide him with adequate medical care.

Plaintiff names as Defendants: (fnu) Berg, Deputy at JCADC; (fnu) Ramirez, Deputy at JCADC; and (fnu) Taylor, Sergeant at JCADC. Plaintiff seeks injunctive relief and monetary damages.

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of JCADC. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of JCADC to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

Plaintiff filed a Motion for Appointment of Counsel (Doc. 7), arguing that he is unable to afford counsel; his imprisonment will greatly limit his ability to litigate; the issues are complex and will require significant research and investigation; he has limited access to the law library and limited knowledge of the law; and trial will likely involve conflicting testimony and the cross-examination of witnesses.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (Doc. 7) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that**:**

(1) the clerk of the court shall prepare a waiver of service form for Defendants pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served upon Defendants at no cost to Plaintiff.[1] The report required herein shall be filed no later than sixty (60) days from the date of this order, unless the time is extended by the Court. The answer or other responsive pleading shall be filed thirty (30) days after the *Martinez* report is filed.

(2) Officials responsible for the operation of the JCADC are directed to undertake a review of the subject matter of the Complaint:

a. To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

c. To determine whether other like complaints, whether pending in this Court or

---

[1] To the extent Plaintiff requests the issuance of summonses in Doc. 6, such a request is moot in light of this Court's order and is therefore denied.

elsewhere, are related to this Complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The JCADC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(4) Authorization is granted to the officials of the JCADC to interview all witnesses having knowledge of the facts, including Plaintiff.

(5) No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(6) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answer or response to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the Johnson County Sheriff as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the Sheriff may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Johnson County Attorney.

**IT IS SO ORDERED**.

**Dated February 21, 2020, in Topeka, Kansas.**

                                  **<u>s/ Sam A. Crow</u>**
                                  **Sam A. Crow**
                                  **U.S. Senior District Judge**