IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DARREN JARELLE DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  20-3021-JWB |
| ) | |
| (FNU) BERG, (FNU) RAMIREZ, and ) | |
| (FNU) TAYLOR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on Defendants' motion to dismiss and memoranda in support.  (Docs. 26, 27.)  Plaintiff, who is appearing pro se, failed to file a timely response to the motion.  For the reasons stated herein, Defendants' motion is GRANTED IN PART AND DENIED IN PART.

**I.    Facts**

The following facts are taken from the allegations in the complaint.  On November 6, 2019, Plaintiff was confined in the Johnson County Adult Detention Center.  On that date, Plaintiff alleges that he covered the camera in the cell in order to use the restroom.  Defendant Taylor approached the cell with a response team of six deputies.  Taylor informed Plaintiff that he would be placed in a restraint chair if he continued to cover the camera.  Plaintiff responded by asking Taylor, "Who cares?"  (Doc. 1 at 2.)  Taylor then ordered Plaintiff to cuff up and Plaintiff asked, "Why?"  (*Id.*)  The team then entered the cell and slammed Plaintiff to the ground.

Plaintiff alleges that Defendant Berg slammed his head into the ground repeatedly and ground his head against the ground.  Plaintiff further alleges that Defendant Ramirez repeatedly

1

kicked and kneed him while he was being restrained by five other deputies. Plaintiff alleges that he was not resisting during this use of force and that he could not move his body due to being restrained by the other deputies. Taylor was not alleged to have any involvement in the use of force but allegedly allowed the deputies to beat Plaintiff.

Plaintiff was then moved to a restraint chair for five hours. Plaintiff alleges that the straps were very tight and that they cut off his circulation and cut into his ankles. Plaintiff alleges that "jail officials and medical staff failed to provide adequate medical care." (Doc. 1 at 3.)

Defendants move for dismissal on the basis that Plaintiff's complaint fails to adequately state a claim or, alternatively, that they are entitled to qualified immunity. Although Plaintiff has failed to file a response, the court cannot dismiss Plaintiff's complaint on this basis and must evaluate the sufficiency of the claims on the merits. *See Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003).

**II.   Standard**

Rule 12(b)(6). In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiffs. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Section 1983 Qualified Immunity. Defendants also move for dismissal on the basis of qualified immunity. "Individual defendants named in a § 1983 action may raise a defense of

qualified immunity." *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 460 (10th Cir. 2013). Qualified immunity "shields public officials ... from damages actions unless their conduct was unreasonable in light of clearly established law." *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir. 2008) (quotations omitted). When the defense of qualified immunity is asserted, a plaintiff must show: "(1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the defendant's unlawful conduct." *Cillo*, 739 F.3d at 460.

Supervisor Liability. Vicarious liability is inapplicable to section 1983 claims. *Iqbal*, 556 U.S. at 676. As such, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* "An affirmative link must exist between the constitutional deprivation and the supervisor's personal participation, exercise of control or direction, or failure to supervise." *Quint v. Cox*, 348 F. Supp. 2d 1243, 1250 (D. Kan. 2004).

### III.   Analysis

### A. Excessive Force

For his first claim, Plaintiff alleges that his Eighth Amendment[1] right to be free from cruel and unusual punishment was violated by Defendants due to their use of force during his restraint.

---

[1] Plaintiff's complaint alleges excessive force under the Eighth Amendment. This is the standard utilized for convicted prisoners. *Estate of Booker v. Gomez*, 745 F.3d 405, 419 (10th Cir. 2014). Plaintiff's complaint does not address the circumstances of his confinement. Defendants assert in their motion that Plaintiff had been arrested for probation violations in September 2019 but there is no indication as to the status of those violations on the date of the incident. A *Martinez* report has been filed but it does not address the status of the probation violations as of November 2019 and only attaches the judgments from Plaintiff's original convictions. (Doc. 22.) At this time, it does not appear that the Tenth Circuit has addressed the question of whether a probationer awaiting disposition of a probation charge is a prisoner or a pretrial detainee. *See Rosenblum v. Blackstone*, No. SA CV 18-966-JVS(E), 2020 WL 1049916, at *10 (C.D. Cal. Jan. 22, 2020) (citing cases); *Tanner v. McMurray*, 429 F. Supp. 3d 1047, 1206–07 (D.N.M. 2019). Because the complaint is silent on his status of confinement, Plaintiff asserts his claim under the Eighth Amendment, and Plaintiff has failed to respond to Defendants' motion which utilized the standard under the Eighth Amendment, the court will proceed to address Plaintiff's claim of excessive force under the Eighth Amendment. Moreover, Plaintiff's excessive force claim is sufficient to state a claim under either standard. When considering a claim of excessive force for a pretrial detainee, the court is only to consider the objective reasonableness of the use of force. *See McCowan v.*

3

"The Eighth Amendment guarantees prisoners the right to be free from 'cruel and unusual punishments' while in custody." *Ullery v. Bradley*, 949 F.3d 1282, 1289-90 (10th Cir. 2020) (quoting U.S. CONST. amend. VIII). A prison official's "unnecessary and wanton infliction of pain" violates the Eighth Amendment. *Id.* at 1290. To establish a claim of excessive force under the Eighth Amendment, Plaintiff must show: (1) that the amount of force was harmful enough to establish a constitutional violation when viewed objectively; and (2) that, subjectively, the use of force was applied "maliciously and sadistically," rather than "in a good faith effort to maintain or restore discipline." *Id.* (quoting *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003)).

In reviewing the first factor, the court must determine whether Defendant's use of force was objectively unreasonable. "[O]bjective reasonableness turns on the 'facts and circumstances of each particular case.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). To determine objective reasonableness, the court should consider the following factors, although not one factor is dispositive and the list is not exclusive: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* The court also must consider the legitimate interests to maintain internal order and security at the prison. *Id.*

Defendant Berg

---

*Morales*, 945 F.3d 1276, 1283 (10th Cir. 2019) (discussing standard under the Fourteenth Amendment which is applicable to pretrial detainees). With respect to Plaintiff's claim of a lack of medical care, the Tenth Circuit has not determined whether the subjective component applies to these claims in light of *Kingsley*, 576 U.S. at 396-97. *See Khan v. Barela*, 808 F. App'x 602, 609 at n. 8 (10th Cir. 2020). This court need not resolve that question as Plaintiff's allegations fail under either standard because he has failed to allege a specific Defendant's involvement concerning his claim regarding lack of medical care.

Plaintiff alleges that Defendant Berg slammed his head into the ground repeatedly and ground his head into the floor while he was being restrained. According to the allegations, Plaintiff had covered the camera in his cell in order to use the bathroom. Plaintiff then refused to take it down after Defendant Taylor told him to and told him that he would be restrained if he failed to comply. Plaintiff admits in his allegations that he was not complying with Taylor. Therefore, it was reasonable for Berg and the team of deputies to enter the cell to restrain Plaintiff. Plaintiff's allegations, however, suggest that the use of force was unreasonable. Plaintiff alleges that he was not resisting when the deputies were restraining him. Plaintiff further alleges that he could not move and during this time Berg slammed his head into the ground repeatedly. Based on Plaintiff's allegations, Plaintiff was not posing a continued threat to the deputies after they entered his cell. Moreover, Plaintiff was not resisting the attempt by the deputies to restrain him.

Viewing these allegations in a light most favorable to Plaintiff, the court finds that Plaintiff has alleged that the force used was unreasonable. Plaintiff has also sufficiently alleged that Berg acted with a culpable state of mind. Based on the allegations, Berg "slammed" Plaintiff's head to the ground repeatedly when Plaintiff was unable to move due to the five deputies that were restraining him. Berg's alleged actions, therefore, sufficiently allege that Berg acted with malice instead of acting in good faith to restore order. *See Bafford v. Nelson*, 241 F. Supp.2d 1192, 1202 (D. Kan. 2002).

Defendants cite various authority for the proposition that dismissal is warranted. Defendants cite to *Rhoten v. Werholtz*, 243 F. App'x 364 (10th Cir. 2007). In that case, the court of appeals upheld a dismissal of an Eighth Amendment excessive force claim on the basis that it was a de minimis use of force. According to the allegations, during a pat down, the plaintiff was shoved against the wall, his nipples and buttocks were squeezed, and his testicles were pulled. The

court of appeals held that these allegations were not sufficient, citing cases that grabbing and twisting an inmate was not objectively harmful. Moreover, although not dispositive, there was no injury. *Id.* at 367. Although Plaintiff has not alleged that he suffered an injury, Plaintiff has alleged that his head was slammed to the ground repeatedly and that Berg ground his head into the floor.[2] Moreover, Plaintiff alleges that he was unable to move and pinned to the ground by the other deputies at the time. These allegations are more egregious than those in *Rhoten*.

In *Nosewicz*, the court of appeals held that the plaintiff had sufficiently alleged an unreasonable use of force when the plaintiff was not resisting, and the defendant slammed his head into the wall and forcefully hit him. *Nosewicz v. Janosko*, 754 F. App'x 725, 734–35 (10th Cir. 2018) (gratuitous use of force). In that case, the court of appeals cited other authority for the proposition that a forceful takedown is not justified when the plaintiff was not resisting and posed no threat. *Id.* (citing *Morris*, 672 F.3d at 1195-96 (officer's forceful takedown unreasonable where Morris, a misdemeanant, posed no threat and did not resist or flee)); *see also Casey*, 509 F.3d at 1285 ("*Graham* establishes that force is least justified against nonviolent misdemeanants who do not flee or actively resist arrest.")

Defendants also cite to *McCoy v. Kansas Dep't of Corr.*, No. 16-3239-SAC, 2018 WL 1726344, at *4 (D. Kan. Apr. 10, 2018). In that case, the court held that the plaintiff had failed to establish a claim because the amount of force was not excessive. Notably, the facts as alleged by the plaintiff demonstrated that he was a threat to the officers during the incident. Plaintiff "jumped out of bed and came at them. He grabbed something out of the hand of [the defendant] and threw it." *Id.* Therefore, the use of force was reasonable due to plaintiff's actions in behaving

---

[2] The absence of an allegation of severe injury does not end the Eighth Amendment inquiry but it is to be considered by the court. *See Northington v. Jackson*, 973 F.2d 1518, 1523-24 (10th Cir. 1992). "An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010).

aggressively and the officers reasonably saw him as a threat. The court also determined that the allegations "show that as soon as Defendants achieved the legitimate penological end of restraining him, they stopped using force." *Id.* at * 5.

In this case, although Plaintiff did not comply with the directive to come to the window and remove the covering, Plaintiff alleges that he was not resisting when Defendants entered his cell. Although some use of force would be reasonable in restraining Plaintiff who was being noncompliant, the allegations are that Berg repeatedly slammed Plaintiff's head into the ground when he could not move. Liberally construed, the allegations suggest that Berg continued to use force even after the deputies had achieved the goal of restraining Plaintiff. These allegations, viewed in a light most favorable to Plaintiff, are not an objectively reasonable use of force given the circumstances alleged. Moreover, the facts as alleged support a finding that the force used was not for a legitimate purpose as Plaintiff was not resisting and could not move at the time the force was used. *See Bafford*, 241 F. Supp.2d at 1208.

Finally, Defendants argue that the law was not clearly established that their conduct violated Plaintiff's right to be free from force under these circumstances. Defendants cite to *McCoy* and *Rhoten* discussed above.[3] Those cases, however, are not factually similar. Therefore, they do not support a finding that the law was not clearly established. At the time of the incident in November 2019, the law was clearly established that a deputy could not repeatedly slam an inmate's head into the ground while that inmate was not resisting restraints and was unable to move. *Chidester v. Utah Cty.*, 268 F. App'x 718, 729 (10th Cir. 2008) ("clearly established that a

---

[3] Defendants also cite to a case from the District of Colorado, *Broadus v. Timme*. This case is not persuasive as it is from another district and is distinguishable from the facts of this case. Notably, the plaintiff's allegations regarding force were that the defendant physically assaulted the plaintiff over a period of more than one year. The court held that the allegations were too vague and without context. *Broadus v. Timme*, No. 11-CV-00802-CMA-KMT, 2012 WL 639310, at *9 (D. Colo. Jan. 30, 2012), *report and recommendation adopted*, No. 11-CV-00802-CMA-KMT, 2012 WL 638797 (D. Colo. Feb. 28, 2012).

law enforcement officer may not use force on a compliant suspect already under the officer's control and not resisting detention or trying to flee."); *see also Bafford*, 241 F. Supp.2d at 1202 (the plaintiff was not a threat and restrained when he was beaten by the defendant) (citing *Lowe v. Sockey*, 36 Fed. Appx. 353, 357–358, 2002 WL 491731, at *4 (10th Cir. 2002) (prison officials beat plaintiff when he was on the floor and restrained) and *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996)).

Defendant Ramirez

Plaintiff alleges that Defendant Ramirez kicked and kneed him repeatedly while he was being restrained and held on the floor by five other deputies. Again, it was reasonable to enter the cell and restrain Plaintiff for failing to comply with Taylor's orders. Plaintiff further alleges that he was not resisting when the deputies were restraining him. Plaintiff alleges that he could not move and during this time Ramirez kneed him and kicked him repeatedly. Based on Plaintiff's allegations, Plaintiff was not posing a continued threat to the deputies after they entered his cell. Moreover, Plaintiff was not resisting the attempt by the deputies to restrain him.

Viewing these allegations in a light most favorable to Plaintiff, the court finds that Plaintiff has alleged that the force used was unreasonable. Plaintiff has also sufficiently alleged that Ramirez acted with a culpable state of mind. Based on the allegations, Ramirez kneed and kicked him when he was unable to move or resist. Berg's alleged actions, therefore, sufficiently allege that Berg acted with malice instead of acting in good faith to restore order. *See Bafford*, 241 F. Supp.2d at 1202. Moreover, for the reasons discussed above, Ramirez is not entitled to qualified immunity as the right to be free from the use of such force was clearly established at the time. *Chidester*, 268 F. App'x at 729.

Defendant Taylor

As the supervising sergeant, Defendant Taylor recognizes that he may be liable when he "fails to intervene to prevent a fellow officer's excessive use of force." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). According to Plaintiff's allegations, that is what happened. Plaintiff alleges that Taylor was "letting the deputies beat me." (Doc. 1 at 2.) Taylor argues that the claim against him should be dismissed because the subordinate deputies did not violate Plaintiff's constitutional rights. At this stage, however, the court has determined that Plaintiff has stated a claim of excessive force. Therefore, the claim against Taylor cannot be dismissed on this basis. Taylor does not make any further argument.

Taylor's motion to dismiss Plaintiff's claim of excessive force is denied.

### B. Failure to Provide Medical Care

In his second claim, Plaintiff alleges that he was placed in a restraint chair for five hours with straps that were very tight and cut off his circulation. Plaintiff alleges that "jail officials and medical staff failed to provide adequate medical care." (Doc. 1 at 3.) Defendants move for dismissal of this count on the basis that Plaintiff has failed to identify the individuals involved in this treatment and that his allegation regarding the failure to provide medical care fails to state a claim.

In order to state a claim for deliberate indifference, Plaintiff's allegations must satisfy "both an objective and a subjective component" with respect to each individual Defendant. *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). Plaintiff must first point to "objective evidence that the deprivation at issue was in fact sufficiently serious." *Id.* "[A] medical need is sufficiently serious if it is one ... that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (citations omitted.) Plaintiff's allegations do not support a finding that he has a serious medical need that would be obvious to a lay person. Plaintiff has merely alleged that

9

the straps were tight and cutting off his circulation.  There are no allegations that would suggest an individual would be able to discern a serious medical need due to the tightness of the straps.

Even if Plaintiff's allegations supported a finding that he had plausibly alleged a serious deprivation, Plaintiff fails to allege "who is alleged to have done what to whom." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 565 n. 10.)  Plaintiff must sufficiently allege that each individual violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Plaintiff has failed to do so with respect to his claim of deliberate indifference. Rather, Plaintiff has merely alleged that his rights were violated by jail officials and medical staff.

Therefore, Defendants' motion to dismiss this claim is granted.

### IV. Conclusion

Defendants' motion to dismiss Plaintiff's claim of excessive force is DENIED; Defendants' motion to dismiss Plaintiff's claim of deliberate indifference is GRANTED. IT IS SO ORDERED.  Dated this 5th day of August 2020.

                                                   \_\_s/ John W. Broomes_____
                                                   JOHN W. BROOMES
                                                   UNITED STATES DISTRICT JUDGE