IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARREN JARELLE DAVIS,

        Plaintiff,

v.                                                          Case No. 20-3021-JWB

(FNU) BERG, (FNU) RAMIREZ, and (FNU) TAYLOR,

        Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the court on Chief Magistrate Judge James O'Hara's order to show cause why this matter should not be dismissed, with prejudice, for lack of prosecution pursuant to Fed. R. Civ. P. 41(b). (Doc. 36.) Plaintiff has failed to respond to the October 1, 2020, deadline in the show cause order. For the reasons herein, Plaintiff's complaint is DISMISSED, without prejudice, for failure to prosecute.

When Plaintiff originally filed this action, he was being detained at the Johnson County Adult Detention Center. (Doc. 1.) Plaintiff initially moved for appointment of counsel and to proceed in forma pauperis. (Docs. 2, 7.) Plaintiff's motion to proceed in forma pauperis was granted but his request for counsel was denied without prejudice. (Docs. 5, 8.) On March 9, 2020, Plaintiff notified the court of his change of address, which identified a street address in Kansas City, Missouri. (Doc. 9.) Plaintiff has not filed any additional documents or responses on the court's docket and he has not notified the court of any further change in his address. Since filing his change of address, the court and Defendants have mailed docket entries to Plaintiff at the Kansas City address. (*See, e.g.*, Doc. 32.)

1

On May 18, Defendants moved to dismiss Plaintiff's complaint. (Doc. 26.) Plaintiff failed to file a response. Defendants also moved to stay discovery (Doc. 30) and Plaintiff did not file a response. This court evaluated the motion to dismiss on the merits and granted the motion in part. (Doc. 32.) On August 20, Magistrate Judge O'Hara ordered the parties to confer and submit a joint planning meeting report (the "order to engage"). (Doc. 34.) Magistrate Judge O'Hara warned Plaintiff that a failure to engage with defense counsel as ordered will result in the entry of an order requiring him to show cause why the case should not be dismissed with prejudice due to Plaintiff's pattern of not responding. (*Id.*) Plaintiff failed to contact defense counsel as required by the court. (Doc. 35.) Magistrate Judge O'Hara entered a show cause order requiring Plaintiff to respond to the undersigned by October 1, 2020. (Doc. 36.) Plaintiff has failed to respond.

Based on a review of the record, the court has typically mailed its orders to Plaintiff by first class mail. On two occasions, the recent show cause order and the order to engage, the court sent the orders by both first-class mail and certified mail. (Docs. 34 and 36.) Although Magistrate Judge O'Hara issued the show cause order on September 14, 2020, the court has not received the certified mail receipt. With respect to the order to engage, the court received a receipt that stated the mail was "refused unable to forward." (Doc. 37.)

Federal Rule of Civil Procedure 41(b) authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). If the court dismisses the action with prejudice, it is required to apply the factors the Tenth Circuit listed in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). *Banks v. Katzenmeyer*, 680 F. App'x 721, 724 (10th Cir. 2017). If the court dismisses the action without prejudice, it does not need to analyze the factors. *Id.*

Based on the record, Plaintiff has failed to prosecute this action since filing his notice of a change in address. Although Magistrate Judge O'Hara has recommended a dismissal with prejudice, the court declines to do so because the return receipt regarding Magistrate Judge O'Hara's order to engage shows that the order was not delivered and the court has not received a return receipt for the show cause order even though it has been several weeks since that order was mailed.

The court finds that a dismissal without prejudice is warranted due to Plaintiff's failure to prosecute this action.

IT IS SO ORDERED. Dated this 30th day of October 2020.

  \_\_s/ John W. Broomes_____
  JOHN W. BROOMES
  UNITED STATES DISTRICT JUDGE